**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS, et al.,<br><br>                           Defendants. | Case No.:<br><br>Lead Case: Civil Action No. 3:13-cv-1845-JLS-BLM (Southern District of California)<br><br>**PLAINTIFF'S MOTION TO ENFORCE SUBPOENA** |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................. 1

    A.   The Complaint ........................................................................................................... 1

    B.   Procedural History of Underlying Action ................................................................. 2

    C.   The Subpoena to GC Services .................................................................................. 3

III.    ARGUMENT .................................................................................................................. 4

    A.   GC Services Should be Compelled to Fully and Properly Comply With The Subpoena ................. 4

    B.   GC Services Should Be Compelled to Produce Documents Responsive to Each of Plaintiff's 11
         Requests .................................................................................................................... 5

IV.     CONCLUSION .............................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Coleman v. Dist. of Columbia*,
275 F.R.D. 33 (D. D.C. 2011) .......................................................................... 4

*Donnelly v. NCO Fin. Sys., Inc.*,
263 F.R.D. 500 (N.D. Ill. 2009) ....................................................................... 9

*Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*,
136 F.R.D. 179 (E.D. Cal. Mar. 27, 1991) ...................................................... 5

*Everflow Tech. Corp. v. Millenium Elecs., Inc.*,
No. 07-05795 JF (HRL), 2009 WL 672985 (N.D. Cal. Mar. 13, 2009) ........... 5

*Kane v. National Action Finance Services*,
No. 11-11505, 2012, WL 1658643 (E.D. Mich. May, 11, 2012) ................... 10

*McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*,
894 F.2d 1482 (5th Cir.1990) ......................................................................... 5

*Merrill v. Waffle House, Inc.*,
227 F.R.D. 475 (N.D.Tex.2005) (Lynn, J.) ..................................................... 4

*Paramount Pictures Corp. v. Replay TV*,
CV 01-9358 FMC (Ex), 2002 WL 32151632 (C.D. Cal. May 30, 2002).......... 8

*Rendon Grp., Inc. v. Rigsby*,
268 F.R.D. 124 (D. D.C. 2010).......................................................................... 4

*Spiegelberg Manufacturing Inc. v. Hancock*,
No. 3–07–CV–1314–G, 2007 WL 4258246, (N.D. Tex. Dec.3, 2007) (Kaplan, J.) .......... 4

*Stemple v. QC Holdings, Inc.*,
2013 U.S. Dist. LEXIS 99582 (S.D. Cal. June 17, 2013)............................. 7, 9

*Synapsis, LLC v. Evergreen Data Sys., Inc.*,
No. 05-1524, 2006 WL 2053512 (N.D. Cal. July 21, 2006) ........................... 6

*Taylor v. Universal Auto Grp. I, Inc.*,
No. 14-MC-50, 2015 WL 1810316 (S.D. Ohio Apr. 17, 2015 .................. 8, 10

**Statutes**

47 U.S.C. § 227.................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 26(b)(1)...................................................................................................... 4

Fed. R. Civ. P. 37(a)(1)....................................................................................................... 5

Fed. R. Civ. P. 45(a) ........................................................................................................... 4

Fed. R. Civ. P. 45(b) ........................................................................................................... 4

Fed. R. Civ. P. 45(c)(2)(B)(i).............................................................................................. 5

Plaintiff Shyriaa Henderson ("Plaintiff") files this motion pursuant to Rule 45(c)(b)(2)(i) of the Federal Rules of Civil Procedure to compel subpoena responses from non-party GC Services Limited Partnership ("GC Services"), and submits the following:

## I.   INTRODUCTION

Plaintiff Shyriaa Henderson instituted a class action lawsuit in the Southern District of California against United Student Aid Funds, Inc. d/b/a USA Funds ("USA Funds" or "Defendant"), for violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") for unauthorized calls to Plaintiff's cell phone commencing as early as 2010 (hereinafter referred to as the "Underlying Action").  Plaintiff learned through discovery that GC Services was engaged to provide outbound dialing services to collect on Plaintiff's account on behalf of USA Funds.  Plaintiff served a Subpoena on GC Services for relevant documents, however GC Services has provided no responsive documents to the Subpoena and has instead objected to each one of Plaintiff's eleven (11) requests.

As more fully explained below, the requested documents are relevant to the issues in the Underlying Action, including Plaintiff's motion for class certification, and thus Plaintiff respectfully requests that the Court compel GC Services to produce the requested documents.

## II.   BACKGROUND

### A.      The Complaint

The Underlying Action is a nationwide class action which concerns the illegal actions of Defendant USA Funds in violation of the TCPA.  The First Amended Complaint ("FAC") alleges that USA Funds negligently and/or willfully contacted Plaintiff through unsolicited phone calls to

her cellular telephone without Plaintiff's consent, thereby violating the TCPA and invading Plaintiff's privacy. *See* Declaration of Alexis M. Wood ("Wood Decl."), ¶ 2; Exhibit A, FAC.[1]

Commencing as early as 2010, Plaintiff began receiving unsolicited phone calls to her cellular telephone for which she provided no consent to call attempting to collect payment on two federal student loans issued under the Federal Family Education Loan Program (FFELP) to which USA Funds purchased the claims and acted as the guarantor. *See* FAC, ¶¶ 14-17. It is understood that USA Funds did not make collection calls to Plaintiff, however hired (either itself or through its loan servicer Navient Solutions, Inc. f/k/a Sallie Mae ("Navient")) several collection agencies, including GC Services. *See* FAC., ¶ 19. The phone calls received by Ms. Henderson were made by an artificial or prerecorded voice. *See* FAC., ¶ 14. These unsolicited phone calls were placed via an automatic dialing system and/or the use of an artificial or prerecorded voice message, which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls, in violation of the TCPA. *See* FAC ¶ 24.

**B.        Procedural History of Underlying Action**

Discovery in Underlying Action initially commenced on November 26, 2013, after the parties conducted a Fed. R. Civ. Proc. Rule 26(f) conference. During the course of initial discovery it was determined that Defendant USA Funds hired several collection agencies to make phone calls on its behalf. On October 2, 2014, this Court granted the parties' Joint Motion for Plaintiff to File a First Amended Complaint. (Dkt. No. 46.) Plaintiff's FAC was thereafter filed on October 2, 2014. (Dkt. No. 47.) The FAC added the Defendants GC Services, National Enterprise Systems, Inc. and Navient Solutions, Inc., those identified by Defendant USA Funds as having been hired

---

[1] GC Services, National Enterprise Systems, Inc. and Navient Solutions, Inc. have been dismissed.

to collect from Plaintiff.  On October 24, 2014 and October 27, 2014, the newly added Defendants filed Motions Dismiss for Lack of Personal Jurisdiction.  (Dkt. Nos. 55, 56, and 60.)  Pending a ruling on the Motions to Dismiss a stay was issued.  (Dkt. No. 76).  On April 8, 2015, the Hon. Janis Sammartino granted GC Services, National Enterprise Systems, Inc. and Navient Solutions, Inc. Motions to Dismiss for lack of personal jurisdiction in the Southern District of California. (Dkt. No. 81.)  Thus, Defendant USA Funds is the only remaining Defendant.

On April 20, 2015, Plaintiff issued the instant Subpoena to GC Services, now a non-party, for documents related to Plaintiff as well as the putative class.  *See* Wood Decl., ¶ 3; Exhibit B. GC Services responded to Plaintiff's Complaint on May 4, 2015, asserting only objections, with the overarching position that the Subpoena is jurisdictionally improper as Plaintiff was not able to add GC Services as a Defendant in the Underlying Action pending in the Southern District of California due to lack of personal jurisdiction.  *See* Wood Decl., ¶ 4; Exhibit C. Plaintiff has received no legal authority regarding this position and believes GC Services' position lacks merit.

### C.        The Subpoena to GC Services

On April 20, 2015, pursuant to Fed. R. Civ. P. 45, Plaintiff properly issued a Subpoena out of the Southern District of California, the Court in which the Underlying Action is pending, for the production of documents by GC Services responsive to 11 requests, all relating directly or indirectly to telephone calls made during the relevant time period on behalf of USA Funds.  *See* Exhibit B.  On May 4, 2015, GC Services served objections (*see* Exhibit C) and on May 8, 2015, Plaintiff served a responsive correspondence addressing Defendant's objections and requesting a meet and confer conference (attached as Exhibit D to Wood Decl.).  On May 14, 2015, counsel for Plaintiff and counsel for GC Services met and conferred to discuss GC Services' objections.  Wood Decl., ¶ 6.  During that conference, counsel for GC Services advised he was not amenable to

specifically addressing each request as GC Services believed Plaintiff lacked jurisdiction to make each and every request.  *Id*.  As of the filing of Plaintiff's Motion, GC Services has not agreed to supplement its response with any documents and has produced no legal authority for its jurisdictional challenge.  Wood Decl., ¶ 7.

## III.   ARGUMENT

### A.   GC Services Should be Compelled to Fully and Properly Comply With The Subpoena

Rule 45 of the Federal Rules of Civil Procedure provides the framework for securing from non-parties, through the use of subpoenas, documents including electronically stored information, as well as testimony and tangible things, relevant to a pending litigation.  Fed. R. Civ. P. 45(a), (b).  It is well settled that the scope of a Rule 45 subpoena is informed by Rule 26, which governs civil discovery generally.  *E.g., Coleman v. Dist. of Columbia*, 275 F.R.D. 33, 36 (D. D.C. 2011); *Rendon Grp., Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D. D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it."); *see also Canada v. Hotel Development-Texas, Ltd*., No. 3-07-CV-1443-D, 2008 WL 3171940, at *1 (N.D. Tex. Jul. 30, 2008) (a party's right to obtain information by subpoena is co-extensive with the scope of discovery pursuant to Rule 26(b)).  Rule 26(b)(1) provides that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1).

Once the party establishes that its subpoena is within the scope of permissible discovery, the burden shifts to opposing party to show why discovery should not be permitted.  *See Spiegelberg Manufacturing Inc. v. Hancock*, No. 3–07–CV–1314–G, 2007 WL 4258246 at * 1 (N.D. Tex. Dec.3, 2007) (Kaplan, J.) (citing cases). *But see Merrill v. Waffle House, Inc*., 227 F.R.D. 475, 477 (N.D.Tex.2005) (Lynn, J.), *quoting McLeod, Alexander, Powel and Apffel, P.C.*

4

*v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (holding that in the fifth circuit a party opposing discovery must "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.").  The Federal Rules also provide federal courts with the power to compel compliance with subpoenas that seek relevant information.  *See* Fed. R. Civ. P. 45(c)(2)(B)(i); Fed. R. Civ. P. 37(a)(1).

**B.**     **GC Services Should Be Compelled to Produce Documents Responsive to Each of Plaintiff's 11 Requests**

As an initial matter, GC Services has set forth various prefatory general objections in its introduction. It has long been the rule that such a practice is improper. *See, e.g., Everflow Tech. Corp. v. Millenium Elecs., Inc.*, No. 07-05795 JF (HRL), 2009WL 672985 at *2 (N.D. Cal. Mar. 13, 2009) (explaining that "[g]rounds for objection to interrogatories must be stated 'with specificity'" and that "'[b]lanket' objections are not sufficient") (quoting Fed. R. Civ. P. 33(b)(4)); *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal. Mar. 27, 1991) (stating that it "should no longer be 'news' to a responding party" that "stat[ing] a general objection to an entire discovery document . . . is decidedly improper").  Thus, GC Services general objections should be stricken.

Further, boilerplate objection, such as the ones imposed by GC Services to each of Plaintiff's eleven (11) requests, are patently ineffective and invalid.  *McLeod, Alexander, Powel & Apfel, P.C.*, 894 F.2d at 1485-87 (affirming imposition of sanctions against a party for interposing invalid, boilerplate, "vacuous" objections in response to document requests).

**Request No. 1** seeks "[a]ll contracts, agreements, written understandings, and instructions that RELATE TO any relationship between YOU and USA FUNDS that were in effect at any time from August 8, 2009 until the present."  Notably, Plaintiff's definitions provided in the Subpoena define USA Funds to mean or refer to Defendant United Student Aid Funds, Inc. d/b/a and all

PERSONS acting or purporting to act on behalf of USA Funds.  Thus, should Navient, as USA Funds'

loan servicer, have acted on behalf of USA Funds to hire GC Services, the contract between GC

Services and Navient would also be relevant to provide information regarding the relationships

between the entities acting as important players in the Underlying Action.  To this regard, GC

Services' response that "there is no contract or "relationship" between GC Services and USA

Funds is not fully responsive as contacts between GC Services and Navient likely exist.

USA Funds has provided in discovery information asserting that GC Services provided

outbound dialing services on its behalf, specifically to collect on Plaintiff's account.  The

underlying contract(s) is/are highly relevant to the issue of whether, how and to what extent USA

Funds utilized GC Services to make phone calls on its behalf.  Indeed, such information is

reasonably calculated to lead to the discovery of admissible evidence as to the extent to which the

agreement(s) had instructions, for example, to utilize automatic telephone dialing systems, make

calls on dialers to cellular phones, whether GC Services received only numbers in in which prior

express consent was provided, and whether dialing practices were the same on all calls made.  This

type of information goes to class certification including questions commonality and typically.

Additionally, the agreements/contracts can provide information as to ascertainablity (*i.e.*

information regarding how the records of calls will be maintained).  Furthermore, there has been

no statement by GC Services that the production of this information is unduly burdensome, nor is

the production of such relevant contract(s) unduly burdensome.

In regard to objections based on confidentiality, an Order Granting Joint Motion for Entry

of Protective Order in this action has been issued in this matter which also protects documents

produces by non-parties. *See* Dkt. No. 20.  "[T]rade secrets can and will be adequately protected

during the litigation process through an appropriate protective order." *Synapsis, LLC v. Evergreen*

*Data Sys.*, *Inc.*, No. 05-1524, 2006 WL 2053512, at *2 (N.D. Cal. July 21, 2006).  Furthermore, Plaintiff is happy to enter into an additional protective order as requested by GC Services for confidential documents.   Thus, withholding documents based on these types of objections is improper.

**Request Nos. 2 and 3** seek documents related to GC Services' "outbound dial list" as to those calls made by GC Services on behalf of USA Funds during the relevant time period. Specifically, **Request No. 2** seeks, "[a]ll DOCUMENTS and ESI that IDENTIFY the total number of PHONE CALLS made to CALL RECIPIENTS on behalf of USA FUNDS for the purpose of collecting on USA FUNDS' accounts, from August 8, 2009 until the present, in a commercially usable and searchable format, such as comma delimited, CSV, pipe delimited, or similar format." **Request No. 3** seeks, "[t]o the extent not duplicative of prior requests, all DOCUMENTS and ESI sufficient to IDENTIFY the total number of PHONE CALLS made by YOU to CALL RECIPIENTS' cellular telephones on behalf of USA FUNDS and/or for the purpose of collecting on USA FUNDS' accounts, from August 8, 2009 until the present, and the TELEPHONE DIALING EQUIPMENT used to make such PHONE CALLS."

Here, to prove her case and also to prevail on class certification, Plaintiff needs evidence of all the outbound calls made by or on behalf of USA Funds during the class period.  This includes all calls USA Funds contends were made by third parties making phone calls on its behalf – like GC Services.  Calls placed by third party collectors on behalf of a creditor are treated as if the creditor itself placed the call.  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559  ¶¶ 9, 10 (Jan. 4, 2008) ("2008 TCPA Order").  *Stemple v. QC Holdings*, 2013 U.S. Dist. LEXIS 99582, *6 (S.D. Cal. June 17, 2013) (finding outbound dial list relevant because it would "provide Plaintiff a means to ascertain which of the numbers dialed

within the statutory term are cellular telephone numbers called by an autodialer"); *see also Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *6 (S.D. Ohio Apr. 17, 2015) (granting a similar request to a non-party in a TCPA action for an outbound dial list as the request was relevant at the precertification phase of a class action).

Furthermore, GC Services has not shown the request to be overly burdensome and such request is in fact not overly burdensome. GC Services cannot simply rely on its "mere assertion that compliance would be burdensome without showing the manner and extent of the burden…" *United States v. Blue Cross Blue Shield of Michigan,* No. 10-CV-14155, 2012 WL 4513600, at *6 (E.D. Mich. Oct. 1, 2012). Such lists can be downloaded to DVDs or uploaded to an internet web link so all numbers called can be compared to a known cell block identifier to determine how many cell phones were called. All that an outbound dial list search requires of GC Services are entries for the dates the search begins and ends, queried to only calls made on behalf of its client USA Funds and/or Navient, and a request to download the data, which takes only a few minutes. After the outbound dial list is produced, Plaintiff's consultant will determine the number of calls made to cell phones from a comparison of the outbound dial list to a list of known cell block identifiers and will be able to quickly determine how many of the numbers called are cell phone numbers.

Further, GC Services' contention that "systems do not exist that could aggregate the requested calls" is unpersuasive. Federal Rule of Civil Procedure 34 requires parties to produce documents that already exist, but it does not require parties to create new data. *Paramount Pictures Corp. v. Replay TV*, CV 01-9358 FMC (Ex), 2002 WL 32151632, *2 (C.D. Cal. May 30, 2002). Here, assuming GC Services' dialer stores the outbound call information, the information Plaintiff seeks is already in existence – the system need not aggregate the information itself, but if the information if there, it should be produced. GC Services has an obligation to produce reasonably

8

accessible electronically stored information pursuant to Fed. R. Civ. P. 45(e)(1)(D). Further, as stated above, GC Services has not provided any showing how the information is not reasonably assessable because of undue burden or cost.

**Request Nos. 4 and 5** seek documents related to "prior express consent" documents maintained by GC Services, as to those calls made by GC Services on behalf of USA Funds during the relevant time period.  Specifically, **Request No. 4** seeks, "[a]ll DOCUMENTS and ESI that YOU contend represent PRIOR EXPRESS CONSENT provided by the CALL RECIPIENTS to receive PHONE CALLS made by YOU on behalf of USA FUNDS for the purpose of collecting on USA FUNDS' accounts, from August 8, 2009 until the present."  **Request No. 5** seeks, "[a]ll COMMUNICATIONS that YOU contend represent PRIOR EXPRESS CONSENT provided by the CALL RECIPIENTS to receive PHONE CALLS made by YOU on behalf of USA FUNDS for the purpose of collecting on USA FUNDS' accounts, from August 8, 2009 until the present."

Plaintiff does not have the burden of demonstrating "prior express consent."  Rather, based on the 2008 TCPA Order and because the concept of "prior express consent" is properly understood as an affirmative defense to TCPA liability, the burden of demonstrating "prior express consent" is squarely placed on the entity alleged to have placed calls in violation of the TCPA.  At this time, Defendant USA Funds has not agreed to forego such evidence, and thus Plaintiff needs this evidence to counter that affirmative defense and take a Rule 30(b)(6) deposition about such evidence.  Further, mandating the production of prior express consent documents is consistent with the ruling in the underlying matter as well as various other courts.  *See Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500, 504 (N.D. Ill. 2009) (the court ordered all documents evidencing prior express consent to be produced prior to class certification, and held Plaintiff's need in having the information outweigh any claimed burden of Defendant in producing it); *Stemple*, 2013 U.S. Dist.

LEXIS 99582, at *22 (ordering production of "any and all communications, written or otherwise, on which Defendant would rely on at trial or other hearing, to show prior express consent was given for all cellular numbers that were actually dialed within the statutory term"); *see also Taylor*, 2015 WL 1810316, at *8 (granting motion to compel similar prior express consent documents from a non-party as the Defendant in the TCPA action had raised consent as an affirmative defense).

As GC Services has shown no reason why or how the information is "inaccessible", the information must be produced.

**Request Nos. 6 and 7** deal with GC Services' procedures for TCPA compliance. Specifically, **Request No. 6** requests "[a]ll DOCUMENTS that RELATE TO YOUR procedures and criteria for ensuring YOUR compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, from August 8, 2009 until the present." **Request No. 7** requests "[a]ll COMMUNICATIONS that RELATE TO YOUR procedures, policies, practices and criteria for ensuring or that RELATE TO YOUR compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, from August 8, 2009 until the present."

Documents relating to TCPA compliance are relevant and must be produced. *See Kane v. National Action Finance Services*, No. 11-11505, 2012 WL 1658643, at *2-5 (E.D. Mich. May, 11, 2012) (order to produce documents relating to procedures for complying with the TCPA pre-certification).  In fact, documents regarding whether GC Services maintained TCPA compliance procedures and was in fact TCPA compliant when making calls on behalf of USA Funds goes to the heart of this case.  The request is not overly burdensome as GC Services either has TCPA policies in place which can be easily produced or it does not.  Additionally, Plaintiff is not

requesting privileged documents based on attorney-client privilege or work-product privilege and if such documents exists they can be dealt with by a privilege log.

**Request Nos. 8 and 9** deal with instruction provided by USA Funds and/or Navient to GC Services.  Specifically, Request No. 8 seeks "[a]ll DOCUMENTS and ESI RELATING TO the instructions provided to YOU by USA FUNDS to IDENTIFY and/or scrub for cellular phone numbers, from August 8, 2009 until the present."  **Request No. 9** seeks "[a]ll DOCUMENTS and ESI RELATING TO the instructions provided to YOU by USA FUNDS to make PHONE CALLS to phone numbers identified as cellular phone numbers, from August 8, 2009 until the present."

These requests are clearly relevant to the underlying TCPA class action as to whether GC Services dialed cellular numbers and how GC Services was instructed to dial those cellular numbers. Furthermore, such documents that contain those instruction should be easily assessable through a simple query for its client either USA Funds or Navient.  The contract(s) requested in request No. 1 may be responsive to this request.

**Request No. 10** seeks "[a]ll DOCUMENTS and ESI sufficient to determine how YOU differentiate between PHONE CALLS made on behalf of different clients/underlying creditors (*i.e.* USA FUNDS), from August 8, 2009 until the present."  Plaintiff seeks this information in order to determine whether GC Services' system will allow it to query the calls made on behalf of USA Funds and/or Navient.  Plaintiff needs this information to prove the class is ascertainable.  However, Plaintiff is willing to further limit this request after a determination of what information GC Services does have to this regard and whether this information is provided with responses to other requests.  For example, should GC Services be compelled to produce an outbound dial list of all calls made on behalf of USA Funds and/or Navient, such list, which would identify USA Funds and/or Navient as a client, would likely suffice as also responsive to Request No. 10.

**Request No. 11** seeks information regarding GC Services' dialer.  Specifically the request seeks "[a]ll DOCUMENTS and ESI RELATING TO the technological capability and capacity of the TELEPHONE DIALING EQUIPMENT YOU used to make the PHONE CALLS on behalf of USA FUNDS for the purpose of collecting on USA FUNDS' accounts, including, but not limited to all manuals and/or training guides for YOUR TELEPHONE DIALING EQUIPMENT, from August 8, 2009 until the present."

Again, GC Services was identified by USA Funds as a vendor which was utilized to collect on Plaintiff's account on behalf of USA Funds.  GC Services' dialing equipment which was used to make phone calls on behalf of USA Funds is highly relevant to Plaintiff's case and any potential defenses raised by USA Funds; namely whether USA Funds and USA Funds' agents places calls to Plaintiff and the class members cell phones using an Automatic Telephone Dialing System ("ATDS").  The TPCA prohibits the use of any ATDS, defined as equipment which has the capacity, (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

Information regarding the equipment utilized to make the calls on behalf of Citizens is not a burdensome request as, at the very least, Plaintiff is simply seeking any manual(s) and/or information which identifies the brand, model number, operating system(s) and back-up storage and software for the equipment.  This information should be easily produced and must be produced notwithstanding any argument by GC Services that Plaintiff was "manually dialed."  Plaintiff's needs evidence of any purported "manual dials" by GC Services and must have access to the dialer information in order to determine whether a true finger to key pad manual dial was used or if such dials were made through a "preview mode" or other various mode which may susceptible to TCPA liability.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court, pursuant to Federal Rule of Civil Procedure 45, compel GC Services' compliance with the Subpoena, through issuance of an order directing GC Services (1) to produce all non-privileged documents responsive to Document Subpoena Request Nos. 1 through 11, within a week of this Court's order, via electronic means; and (2) to provide at the same time a privilege log, as required by Rule 45, for all such responsive documents that GC Services withholds on the basis of a claimed privilege.

Dated: May 28, 2015

<div style="margin-left:auto">

Respectfully submitted,

<u>s/ Alexis M. Wood</u>
Alexis M. Wood (*pro hac vice pending*)
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (CA SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (CA SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (CA SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Phone: (619) 696-9006
Fax: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (CA SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

***Attorneys for Plaintiff and the Proposed Class***

</div>

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on May 28, 2015.


                          */s/ Alexis M. Wood*
                          Alexis M. Wood